UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEE W. SALANT,                                    Case No. 6:15-cv-01409-AA

        Plaintiff,                              OPINION AND ORDER

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

---

Kathryn Tassinari
Mark A. Manning
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
        Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Hébert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

1 - OPINION AND ORDER

Lars J. Nelson
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
        Attorneys for Defendant

AIKEN, Judge:

        Plaintiff filed suit pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to

obtain judicial review of the Commissioner's denial of his application for disability insurance

benefits (DIB). Plaintiff argues that the case should be remanded for an award of benefits, or,

alternatively, for further proceedings. After review of the record and the parties' submissions, the

decision of the Commissioner is reversed and remanded for further proceedings.

## BACKGROUND

        On September 25, 2012, plaintiff protectively filed an application for DIB, alleging

disability as of October 4, 2011. Tr. 104. His application was denied initially and on

reconsideration. On February 21, 2014, plaintiff and a vocational expert (VE) appeared and

testified before an Administrative Law Judge (ALJ). Tr. 118-67. On August 5, 2013, the ALJ

issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 101-17. The

Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final

decision of the Commissioner. Tr. 1-7. Plaintiff now seeks judicial review.

        Born in 1962, plaintiff was forty-nine years old as of the alleged onset date of disability,

with a high school education and past relevant work as a painter helper, a fence builder, and a

moving van helper. Tr. 112, 153-54. He alleges disability since October 4, 2011, due to mental

limitations including cognitive disorders, depression, and anxiety, and shoulder and back pain.

2 - OPINION AND ORDER

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the relevant five-step evaluation process. *See* 20 C.F.R. § 404.1520(a)-(g).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of disability. Tr. 106; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ found that plaintiff has severe impairments of attention deficit hyperactivity disorder, generalized anxiety disorder, depression, and severe low back pain; but that plaintiff's impairments did not meet or equal the severity of a listed impairment which is considered "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." Tr. 106-07; 20 C.F.R. § 404.1525(a); *id.* § 404.1520(c),(d).

3 - OPINION AND ORDER

The ALJ then assessed plaintiff's residual functional capacity (RFC) and found that plaintiff could perform a reduced range of light work, with limitations on climbing, stooping, kneeling, crouching, and crawling. Tr. 109; 20 C.F.R. § 404.1520(e). The ALJ also found that plaintiff "is limited to no more than occasional exposure to hazards," and "to simple and routine tasks that involve spoken, rather than written, instructions." Tr. 109. Finally, the ALJ found that plaintiff is "limited to occupations that avoid production pace (e.g. assembly-line work), but he is otherwise able to perform goal oriented work (e.g. office cleaner)." Tr. 109. Based on these findings, the ALJ found that plaintiff could not perform his past relevant work at step four. Tr. 111; 20 C.F.R. § 404.1520(f).

The ALJ proceeded to step five, where the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform work that exists in the national economy, after taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Relying on the testimony of the VE, the ALJ found that plaintiff could perform other work as a ticket seller, small products assembler, and photocopy machine operator. Tr. 113. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to adopt limitations found by an examining psychologist and by finding plaintiff's allegations not credible. As a result, plaintiff maintains that the ALJ's RFC assessment is invalid and that he should be deemed disabled under the Act.

In July 2012, David Northway, Ph.D, examined plaintiff at the request of plaintiff's defense attorney. Dr. Northway reviewed multiple medical and background reports, evaluated plaintiff, and administered a series of tests over multiple days. Tr. 321-22. Dr. Northway found

4 - OPINION AND ORDER

that plaintiff had significant impairments in attention, concentration and mental efficiency and opined that plaintiff displayed deficits "seen in individuals who have a hard time sustaining focused attention." Tr. 325. Dr. Northway noted that plaintiff demonstrated "poor vigilance" and that plaintiff's test results fit the ADHD "clinical population." Tr. 325. Plaintiff's scores for "tasks assessing immediate attention for auditory material" approached the "severely impaired range," while his scores on tests "associated with assessing mental efficiency or processing speed" were "in the moderately impaired" range. Tr. 325.

Dr. Northway also found that plaintiff's intelligence scores rated him in the "low average to borderline intellectually disabled range," and that plaintiff's "fine motor dexterity" was "in the moderately to severely impaired range" for both his dominant and non-dominant hands. Tr. 326. Dr. Northway further found severe impairment with plaintiff's visual memory, moderate impairment with plaintiff's auditory memory, with his "ability to process information is approaching the severely impaired range." Tr. 327, 329. Plaintiff's area of "strength" included nonverbal abstract problem-solving and visual spatial skills. Tr. 326. Dr. Northway concluded:

He is unlikely to comprehend things as quickly as a typical peer and may need repetition and multiple approaches to learn new information. He may not openly admit to not understanding what is being asked of him. Strategies which include use of his comparatively stronger perceptual reasoning skills for comprehension, will be somewhat diminished by weaker visual spatial or nonverbal memory abilities.

Tr. 330.

Dr. Northway's findings were consistent with those made by another examining psychologist. On February 5, 2012, psychologist Steven Mussack, Ph.D. evaluated plaintiff and performed a mental assessment. Dr. Mussack found that plaintiff "demonstrated deficits in immediate, recent and remote memory at levels which interfere with some day-to-day

5 - OPINION AND ORDER

functioning." Tr. 318. Dr. Mussack also opined that plaintiff "experiences a number of mental health problems which appear directly related to repetitive instances of having failed to register as a sex offender," including difficulty "interacting with authority figures, generalized anxiety, anger management difficulties, and chronic memory difficulties." Tr. 319. Dr. Mussack recommended that plaintiff be referred for mental health treatment and neurological testing. Tr. 319-20.

The ALJ accepted certain limitations noted by Dr. Northway and included them in his RFC assessment, such as plaintiff's lack of processing speed. Tr. 111.[1] Nonetheless, the ALJ ultimately relied on two non-examining psychologists and gave their opinions greater weight, because they "are highly qualified psychologists who are also experts at Social Security disability evaluation." Tr. 111. I do not find this to be a clear or convincing, or specific and legitimate, reason to discount the opinions of two examining psychologists who found significant impairment with plaintiff's memory and his ability to process, understand, and remember information. The "opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996). Instead, the opinion of a non-examining physician must be supported by other, substantial evidence in the record. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Here, those opinions are not. Unlike the non-examining psychologists, Dr. Northway conducted extensive neurological testing over multiple days. Moreover, the ALJ did not provide "a detailed and thorough summary of the

---

[1] At the same time, however, the ALJ found that plaintiff could perform other work as a small parts assembler, a job that requires production-pace capabilities. The Commissioner concedes that this finding is erroneous and that plaintiff could not perform this type of work. Def.'s Brief at 17. The Commissioner thus relies on the ALJ's finding that plaintiff can perform other work as a ticket seller and photocopy machine operator.

6 - OPINION AND ORDER

facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."
*Id.* at 600-01.

Furthermore, the ALJ did not discuss Dr. Northway's finding that plaintiff's motor skills are severely impaired or the opinion that plaintiff has moderate to severe visual and auditory memory impairments. Tr. 325-26. In fact, the ALJ found that plaintiff could work at jobs requiring verbal instructions, even though Dr. Northway found that his ability to process auditory material was approaching severely limited. Tr. 111, 326-27. While the ALJ recognized Dr. Northway's opinion that plaintiff "exhibited deficits in working memory, processing speed, low levels of general intelligence, and difficulty in coping with a number of aspects of independent functioning," the ALJ discounted the these findings because "Dr. Northway nevertheless found noted the claimant could compensate for his memory problems by 'writing multiple calendars and notes on business cards, etc.'" Tr. 110. However, as plaintiff contends, Dr. Northway did not make that finding; he simply noted that plaintiff reportedly tried to remember appointments and other matters by taking writing notes and keeping a calendar. Tr. 329. Moreover, plaintiff's efforts were not always successful; Dr. Mussack opined that plaintiff's "chronic memory difficulties" contributed to the criminal charges against him. Tr. 319. Therefore, I find that the ALJ erred by failing to consider the breadth of Dr. Northway's findings and opinion.

The ALJ also discredited plaintiff's allegations about his memory, noting that plaintiff was able to recall certain facts during his testimony. Tr. 111. However, the ALJ did not conduct psychological or neurological testing, and an ALJ cannot substitute his own opinion for that of a medical professional. *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999); *Jackson v. Comm'r Soc. Sec. Admin.*, 2016 WL 1670963, at *4 (D. Or. Apr. 26, 2016). The ALJ also noted

that plaintiff's memory problems were long-standing and had not always interfered with his ability to work, plaintiff had attempted to obtain employment, and plaintiff left his previous job for reasons other than disability. Tr. 110. It is questionable whether these reasons are legally sufficient to discredit plaintiff's testimony given the evidence of record. *See Ramirez v. Colvin*, 2014 WL 1716087, at 6 (C.D. Cal. Apr. 29, 2014). Plaintiff's past work was manual labor performed at a higher exertional level than his assessed RFC, and Dr. Northway noted that plaintiff was inclined to repress his difficulties and "may not openly admit to not understanding" what is being asked of him. Tr. 330. Further, the record is not clear why plaintiff was released from his last job. Finally, the ALJ noted the findings of malingering and symptom exaggeration made by an examining physician and suggested that plaintiff could be motivated by "secondary gain." Tr. 111. However, the ALJ ultimately rejected the findings of the physician, and an ALJ's concern about secondary gain is generally insufficient to justify an adverse credibility finding. *See Burrell v. Colvin*, 775 F.3d 1133, 1139-40 (9th Cir. 2014).

Plaintiff maintains that if the court credits the opinions of Drs. Northway and Mussack along with his testimony, the record establishes that he is unable to sustain competitive employment due to his cognitive deficits. Accordingly, plaintiff argues that the case should be remanded for benefits. Though I find that the ALJ failed to adequately consider the psychological evidence and Dr. Northway's findings, I cannot find that "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Dominguez v. Colvin*, 808 F.3d 403, 408 (9th Cir. 2015). This is particularly true in light of the supplemental evidence submitted to the Appeals Council. *See* Tr. 6, 397-432; Def.'s Brief at 10-12.

8 - OPINION AND ORDER

On remand, the ALJ shall reassess plaintiff's RFC in light of Dr. Northway's opinion regarding plaintiff's memory, attention, and motor skill deficits. Further, the ALJ shall reevaluate plaintiff's testimony and allegations in light of the record as a whole.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings.

IT IS SO ORDERED.

DATED this 6th day of October, 2016.

Ann Aiken
United States District Judge

9 - OPINION AND ORDER